IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JERRY L. BISBY, | § | |
| | § | |
| v. | § | C.A. NO. C-07-404 |
| | § | |
| KIMBERLY GARZA, ET AL. | § | |

## ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT

This is a civil rights action filed by a Texas state prisoner pursuant to 42 U.S.C. § 1983. Pending is plaintiff's motion to amend his complaint, by adding a new defendant and a new claim. (D.E. 47).

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). Determining when justice requires permission to amend rests within the discretion of the trial court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971); Nilsen v. City of Moss Point, Miss., 621 F.2d 117, 122 (5th Cir. 1980). In exercising its discretion in considering a motion to amend a complaint, the district court may consider, among other factors, undue delay, dilatory motive on the part of the movant, and undue prejudice to the opposing party by virtue of allowing the amendment. Daves v. Payless Cashways, Inc., 661 F.2d 1022, 1024 (Former 5th Cir. Unit A Nov. 1981).

On December 12, 2007, plaintiff filed a motion to amend his complaint. (D.E. 22). On December 13, 2007, that motion was granted. (D.E. 28). On January 11, 2008, defendants filed an answer to the amended complaint. (D.E. 31). On February 4, 2008, plaintiff filed a second motion to amend his complaint. (D.E. 38). That motion to amend was struck because plaintiff

did not include a certificate of service. (D.E. 43). On February 13, 2008, plaintiff refiled his motion to amend his complaint. (D.E. 47). Defendants oppose this motion. (D.E. 45).

At this point in time, plaintiff's action consists simply of Eighth Amendment claims against Sergeant Garza and Warden Mendoza for conditions in plaintiff's cell. (D.E. 12, at 8-12). In his pending motion, he seeks to add Nathaniel Quarterman, the Director of the Texas Department of Criminal Justice - Correctional Institutions Division, as a defendant. His claim against Director Quarterman concerns the food and hygiene provided to him during lock-downs, as opposed to conditions in his cell. It would be prejudicial to defendants to add a new claim or defendant in the form of an amended complaint. See Daves, 661 F.2d at 1024.

Accordingly, plaintiff's motion to amend his complaint, (D.E. 47), is DENIED.[1]

ORDERED this 19th day of February 2008.

BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

---

[1] If plaintiff believes that he has new claims, then he may file a separate, new action.