IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JERRY L. BISBY | § | |
|    TDCJ-CID #654038 | § | |
| v. | § | C.A. NO. C-07-404 |
| | § | |
| SGT. KIMBERLY GARZA, ET AL. | § | |

## ORDER

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending are plaintiff's motion for a court order, (D.E. 52), and motion for the production of documents. (D.E. 53).

## I. PROCEDURAL BACKGROUND

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID") and is currently incarcerated at the McConnell Unit in Beeville, Texas. On July 4, 2007, plaintiff slipped and fell in water that had collected in his McConnell Unit cell. Plaintiff filed three separate lawsuits arising from this slip and fall event: 2:07cv404; 2:07cv423; and 2:07cv424. The Court consolidated the three cases into case number 2:07cv404 pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, because they involve common questions of law and fact, and their joint administration is more efficient. (D.E. 11).

On October 9, 2007, plaintiff filed the instant action, 2:07cv404, against Sergeant Kimberly Garza, alleging that she was deliberately indifferent to his serious medical needs because she denied him medical care, and threatened him with pepper spray following his fall. (D.E. 1, at 1-2). On November 2, 2007, plaintiff filed a second lawsuit, 2:07cv423, against American Correction Association ("ACA"). (See 2:07cv423 at D.E. 1). In this lawsuit, he claims that ACA, which is allegedly responsible for "prison accreditation," failed to properly

inspect the McConnell Unit for safety and environmental hazards. Id. at 3-4.

On November 2, 2007, plaintiff also filed his third action, 2:07cv424, in which he named Warden Oscar Mendoza as the defendant. (See 2:07cv424 at D.E. 1). Plaintiff claims that, prior to the incident, he personally advised Warden Mendoza on numerous occasions about the water leak in his cell and asked to be moved to another cell, but that Warden Mendoza failed to take any action to remedy the situation, in deliberate indifference to a serious environmental hazard. Id. at 4.

On December 3, 2007, a memorandum and recommendation was issued, recommending that plaintiff's claim against the ACA be dismissed for failure to state a claim, and as frivolous. (D.E. 12, at 13). It was also recommended that plaintiff's claims for money damages against Sergeant Kimberly Garza and Warden Oscar Mendoza in their official capacities be dismissed as barred by the Eleventh Amendment. Id. Finally, it was recommended that plaintiff's Eighth Amendment claims against defendants Garza and Mendoza in their individual capacities be retained on the Court's docket, and service ordered on these defendants. Id.

The Court has not addressed the memorandum and recommendation to date. On December 3, 2007, an order for service of process was issued ordering that Sergeant Garza and Warden Mendoza be served. (D.E. 13). On January 11, 2008, these two defendants filed an answer. (D.E. 31).

## II. ANALYSIS

### A.   Plaintiff's Motion For A Court Order.

In plaintiff's motion for a court order, he appears to be complaining that prison officials have prevented him from investigating his claims. (D.E. 52). Specifically, he references two

I-60 forms that he submitted to Warden Mendoza, seeking information about ACA's inspections and permission to investigate his claims by interviewing various witnesses. (D.E. 53, at 4-7).

In support of his argument that he should be allowed to investigate his claims, he cites Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1988). In Valandingham, the Ninth Circuit held "that a prisoner litigating *pro se* has the right to undertake the legal investigation and documentation of his claims in the manner that an attorney would." Id. at 1141. However, plaintiff ignores the caveat that this right to investigate is "subject to the security and disciplinary requirements of a prison." Id. More importantly, that decision does not support plaintiff's contention that he should be allowed access to other parts of the McConnell Unit in order to investigate his claims and interview witnesses.[1]

Although he proceeds pro se, plaintiff must comply with all applicable rules of this Court. This pending motion appears to be a motion to engage in discovery, or a motion to compel discovery. However, plaintiff has not included any requests for discovery that he served on defendants through their counsel. Instead, he simply submits two I-60 forms to a defendant. The Federal Rules of Civil Procedure detail the manner in which discovery is to be conducted in this action. See generally Fed. R. Civ. P. 26-37. Nothing in the record supports an inference that plaintiff has complied with these rules.

Accordingly, plaintiff's motion for a court order, (D.E. 52), is denied without prejudice.

---

[1] One court has observed that "[t]here is little precedent on the subject of a *pro se* inmate's right to interview witnesses." O'Aultman v. Walrath, No. 87-3325, 1987 WL 28365, at *2 (E.D. Pa. Dec. 18, 1987) (unpublished).

**B.     Plaintiff's Motion For The Production Of Documents.**

In plaintiff's second motion, he seeks to compel the production of documents related to ACA's inspections. (D.E. 53). Specifically, he seeks copies of the inspection reports and the names of the inspectors. Id. at 1-2. He submitted I-60 request forms to defendant Mendoza, requesting this information. Id. at 4-7.

Plaintiff also incorrectly asserts that ACA is a defendant in this action. Id. at 4. In fact, pursuant to the December 3, 2007 memorandum and recommendation, (D.E. 12), the ACA has not been served. Consequently, it is not a defendant that needs to respond to plaintiff's motion for the production of documents. Moreover, all discovery in this case is stayed until an answer is filed by defendants. (D.E. 8, at 2). Because it was never served, ACA has not filed an answer in this action. In order to pursue discovery from ACA as a non-party, plaintiff must serve a document request on ACA. See Fed. R. Civ. P. 34.

Finally, as ACA is not a party to this action, plaintiff must establish that the documents he seeks are relevant to his claims against defendants Garza and Mendoza. See generally Fed. R. Evid. 401-403. He has not done so in his pending motion. Accordingly, plaintiff's motion for the production of documents, (D.E. 53), is denied without prejudice.

## III.  CONCLUSION

Based on the foregoing reasons, plaintiff's motion for a court order, (D.E. 52), and his motion for the production of documents, (D.E. 53), are denied without prejudice.

ORDERED this 22nd day of February 2008.

						_____
						BRIAN L. OWSLEY
						UNITED STATES MAGISTRATE JUDGE