IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JERRY L. BISBY § | | |
|    TDCJ-CID #654038 § | | |
| v. § | | C.A. NO. C-07-404 |
| § | | |
| SGT. KIMBERLY GARZA, ET AL. § | | |

### ORDER DENYING PLAINTIFF'S
### MOTION TO INSPECT THE MCCONNELL UNIT

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is plaintiff's motion to inspect the McConnell Unit, and for the Court to either appoint someone to conduct the inspection, send news media to the prison, or inspect the prison in person. (D.E. 48). Plaintiff's motion is denied without prejudice.

### I. PROCEDURAL HISTORY

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID") and is currently incarcerated at the McConnell Unit in Beeville, Texas. On July 4, 2007, plaintiff slipped and fell in water that had collected in his McConnell Unit cell. Plaintiff filed three separate lawsuits arising from this slip and fall event: 2:07cv404; 2:07cv423; and 2:07cv424. The Court consolidated the three cases into case number 2:07cv404 pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, because they involve common questions of law and fact, and their joint administration is more efficient. (D.E. 11).

On October 9, 2007, plaintiff filed the instant action, 2:07cv404, against Sergeant Kimberly Garza, alleging that she was deliberately indifferent to his serious medical needs because she denied him medical care and threatened him with pepper spray following his fall. (D.E. 1, at 1-2). On November 2, 2007, plaintiff filed a second lawsuit, 2:07cv423, against American Correction Association ("ACA"). (See 2:07cv423 at D.E. 1). In this lawsuit, he

claims that ACA, which is allegedly responsible for "prison accreditation," failed to properly inspect the McConnell Unit for safety and environmental hazards. Id. at 3-4.

On November 2, 2007, plaintiff filed his third action, 2:07cv424, in which he named Warden Oscar Mendoza as the defendant. (See 2:07cv424 at D.E. 1). He claims that he had personally advised Warden Mendoza on numerous occasions about the water leak in his cell and had asked to be moved to another cell, but that Warden Mendoza failed to take any action to remedy the situation, in deliberate indifference to his serious medical needs. Id. at 4.

On December 3, 2007, a memorandum and recommendation was issued, recommending that plaintiff's claim against the ACA be dismissed for failure to state a claim, and as frivolous. (D.E. 12, at 13). It was also recommended that plaintiff's claims for money damages against Sergeant Kimberly Garza and Warden Oscar Mendoza in their official capacities be dismissed as barred by the Eleventh Amendment. Id. Finally, it was recommended that plaintiff's Eighth Amendment claims against defendants Garza and Mendoza in their individual capacities be retained on the Court's docket, and service ordered on these defendants. Id. This memorandum and recommendation has not yet been accepted or rejected.

On February 4, 2008, plaintiff filed a motion to inspect the prison. (D.E. 37). On that same date, he also filed a motion for a preliminary injunction, (D.E. 39), and a motion to amend his complaint. (D.E. 38). His motion to amend his complaint sought leave to add Nathaniel Quarterman, Director of TDCJ-CID, as a defendant. (D.E. 38, at 2). This motion to amend his complaint, as well as his motion to inspect the prison, were struck for failure to include a certificate of service. (D.E. 42, 43). On February 13, 2008, plaintiff refiled his motion to amend his complaint, along with his pending motion to inspect the prison. (D.E. 47, 48). On February

19, 2008, plaintiff's motion to amend his complaint was denied. (D.E. 49). Defendants responded to the pending motion to inspect the prison on March 4, 2008. (D.E. 61).

In plaintiff's motion to inspect, he seeks to preserve evidence of leaky, moldy cells. (D.E. 48). Specifically, he asks the Court to either appoint someone to videotape the cells, send the news media to do so, or personally inspect the prison during the next rainy day or night. Id. at 2. He claims that the roof of the McConnell Unit is currently being repaired; therefore, the roofers will soon have destroyed critical evidence of the cell's poor conditions on the date of his slip and fall incident. Id. at 2.

Defendants argue that plaintiff's motion should be construed as a motion for inspection pursuant to Rule 34 of the Federal Rules of Civil Procedure. (D.E. 61, at 2). They advance two grounds for denying the motion: (1) it is a discovery request to a non-party, and (2) much of it is irrelevant because it seeks access to much of the McConnell Unit, while the condition of plaintiff's cell is the only basis for this suit. Id. at 3-4; see also (D.E. 49, at 2).

## II. DISCUSSION

The information plaintiff seeks may be discoverable. It is true that only the conditions in plaintiff's cell are directly relevant to his lawsuit. However, leaky conditions in other areas of the McConnell Unit, if established, may establish that the roof was in generally poor repair. This fact might be considered evidence of both the conditions in plaintiff's cell and the defendants' knowledge of them. See Fed. R. Civ. P. 26(b)(1) ("Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). Furthermore, if plaintiff is indeed unable to document conditions in his cell before its repair, evidence of the condition of the rest of the McConnell Unit's roof may become crucial.

Therefore, all of the evidence plaintiff seeks is relevant under federal rules. See Fed. R. Civ. P. 26(b)(1) (discovery may be obtained regarding "any matter, not privileged, that is relevant to the claim or defense of any party").

However, plaintiff has again failed to comply with discovery rules. In an earlier order, (D.E. 55), the Court explained that, although he proceeds pro se, defendant is expected to comply with the applicable Federal Rules of Civil Procedure. See id. at 3. Before any discovery order will issue, plaintiff must invoke the appropriate discovery rule, adhere to its procedural requirements, and be able to show that he has done so. See Fed. R. Civ. P. 34(b) (discovery requests to party must be served on opposing party); Fed. R. Civ. P. 45(b) (before court's subpoena power is invoked to require nonparty to permit inspection of premises, subpoena must issue and notice must be served on each party).

It was recommended that plaintiff's claims against defendants Garza and Mendoza in their official capacities be dismissed. More importantly, TDCJ-CID has not been served with a complaint in this action. To the extent that plaintiff seeks to inspect areas of the McConnell Unit, he must comply with Rule 45(a)(1)(A)(iii). Additionally, he would be responsible for the costs of any discovery sought, including photography or videotaping. Accordingly, plaintiff's motion to inspect the McConnell Unit is hereby denied without prejudice.

Plaintiff further requests that this Court either appoint someone to perform discovery on his behalf, send the news media to the McConnell Unit to investigate his claims, or personally inspect the McConnell Unit. He offers no authority by which this Court can grant such an extraordinary request. Furthermore, this Court has already refused plaintiff's request to appoint him an attorney. (D.E. 27). Plaintiff's case does not present the sort of exceptional

circumstances justifying the appointment of counsel.  Id.  Accordingly, his request is denied.

### III.  CONCLUSION

Based on the foregoing reasons, plaintiff's motion to inspect, (D.E. 48), is DENIED without prejudice.

ORDERED this 6th day of March 2008.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE