IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JERRY L. BISBY | § | |
|    TDCJ-CID #654038 | § | |
| v. | § | C.A. NO. C-07-404 |
| | § | |
| SGT. KIMBERLY GARZA, ET AL. | § | |

## ORDER

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is plaintiff's motion for the production of documents. (D.E. 72).

### I. PROCEDURAL BACKGROUND

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID") and is currently incarcerated at the McConnell Unit in Beeville, Texas. On July 4, 2007, plaintiff slipped and fell in water that had collected in his McConnell Unit cell. Plaintiff filed three separate lawsuits arising from this slip and fall event: 2:07cv404; 2:07cv423; and 2:07cv424. The Court consolidated the three cases into case number 2:07cv404 pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, because they involve common questions of law and fact, and their joint administration is more efficient. (D.E. 11).

On October 9, 2007, plaintiff filed the instant action, 2:07cv404, against Sergeant Kimberly Garza, alleging that she was deliberately indifferent to his serious medical needs because she denied him medical care, and threatened him with pepper spray following his fall. (D.E. 1, at 1-2). On November 2, 2007, plaintiff filed a second lawsuit, 2:07cv423, against American Correction Association ("ACA"). (See 2:07cv423 at D.E. 1). In this lawsuit, he claims that ACA, which is allegedly responsible for "prison accreditation," failed to properly inspect the McConnell Unit for safety and environmental hazards. Id. at 3-4.

On November 2, 2007, plaintiff also filed his third action, 2:07cv424, in which he named Warden Oscar Mendoza as the defendant. (See 2:07cv424 at D.E. 1). Plaintiff claims that, prior to the incident, he personally advised Warden Mendoza on numerous occasions about the water leak in his cell and asked to be moved to another cell, but that Warden Mendoza failed to take any action to remedy the situation, in deliberate indifference to a serious environmental hazard. Id. at 4.

On December 3, 2007, a memorandum and recommendation was issued, recommending that plaintiff's claim against the ACA be dismissed for failure to state a claim, and as frivolous. (D.E. 12, at 13). It was also recommended that plaintiff's claims for money damages against Sergeant Kimberly Garza and Warden Oscar Mendoza in their official capacities be dismissed as barred by the Eleventh Amendment. Id. Finally, it was recommended that plaintiff's Eighth Amendment claims against defendants Garza and Mendoza in their individual capacities be retained on the Court's docket, and service ordered on these defendants. Id.

On December 3, 2007, an order for service of process was issued ordering that Sergeant Garza and Warden Mendoza be served. (D.E. 13). On January 11, 2008, these two defendants filed an answer. (D.E. 31).

On March 10, 2008, the Court declined to adopt the recommendation dismissing ACA. (D.E. 67). On March 24, 2008, an order for service of process was issued ordering that ACA be served. (D.E. 70). To date, an answer has not been filed by ACA.

## II. ANALYSIS

Although he proceeds pro se, plaintiff must comply with the Federal Rules of Civil Procedure and this Court's local rules. However, plaintiff has not included any requests for

discovery that he served on defendants through their counsel.

Instead of serving the production requests on defense counsel, he served an open records request on the McConnell Unit law librarian. (D.E. 72, at 4). Apparently, this request was denied because plaintiff is an inmate. Id.; see also Tex. Gov't Code 552.028(a) ("governmental body is not required to accept or comply with a request for information from ... an individual who is imprisoned or confined in a correctional facility").[1] The law librarian is not a party to this action, nor is she an attorney for any defendants.

Plaintiff also served a request for the production of documents on Officer F. Cook, who apparently has not replied to this request. (D.E. 72, at 5). Again, Officer Cook is not a party to this action, nor is he an attorney for any defendants.

Defendants Officer Garza and Warden Mendoza are represented by Jennifer Wells with the Office of the Texas Attorney General. Plaintiff may serve any discovery requests regarding these defendants on her consistent with the Federal Rules of Civil Procedure. See generally Fed. R. Civ. P. 26-37. Defendant ACA has not yet filed an answer in this action. Currently, all discovery from ACA in this case is stayed until an answer is filed by ACA. (D.E. 8, at 2). After an answer has been filed, then plaintiff may serve any discovery requests on ACA's attorney consistent with the Federal Rules of Civil Procedure.

---

[1] Whoever rejected plaintiff's request incorrectly cited the section as 555.028.

### III. CONCLUSION

Based on the foregoing reasons, plaintiff's motion for the production of documents, (D.E. 72), is denied without prejudice.

ORDERED this 1st day of April 2008.

BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE