IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JERRY L. BISBY | § | |
|    TDCJ-CID #654038 | § | |
| v. | § | C.A. NO. C-07-404 |
| | § | |
| SGT. KIMBERLY GARZA, ET AL. | § | |

**MEMORANDUM AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is plaintiff's motion for a preliminary injunction. (D.E. 76). It is respectfully recommended that the Court deny plaintiff's motion for injunctive relief.

## I. JURISDICTION

Jurisdiction in this action is based on a federal question pursuant to 28 U.S.C. § 1331.

## II. PROCEDURAL HISTORY

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID") and is currently incarcerated at the McConnell Unit in Beeville, Texas. On July 4, 2007, plaintiff slipped and fell in water that had collected in his McConnell Unit cell. Plaintiff filed three separate lawsuits arising from this slip and fall event: 2:07cv404; 2:07cv423; and 2:07cv424. The

Court consolidated the three cases into case number 2:07cv404 pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, because they involve common questions of law and fact, and their joint administration is more efficient. (D.E. 11).

On October 9, 2007, plaintiff filed the instant action, 2:07cv404, against Sergeant Kimberly Garza, alleging that she was deliberately indifferent to his serious medical needs because she denied him medical care and threatened him with pepper spray following his fall. (D.E. 1, at 1-2). On November 2, 2007, plaintiff filed a second lawsuit, 2:07cv423, against American Correction Association ("ACA"). (See 2:07cv423 at D.E. 1). In this lawsuit, he claims that ACA, which is allegedly responsible for "prison accreditation," failed to properly inspect the McConnell Unit for safety and environmental hazards. Id. at 3-4.

On November 2, 2007, plaintiff filed his third action, 2:07cv424, in which he named Warden Oscar Mendoza as the defendant. (See 2:07cv424 at D.E. 1). Plaintiff claims that he had personally advised Warden Mendoza on numerous occasions about the water leak in his cell and had asked to be moved to another cell, but that Warden Mendoza failed to take any action to remedy the situation, in deliberate indifference to his serious medical needs. Id. at 4.

In his three actions, plaintiff seeks $100,000 in compensatory damages,

punitive damages, and declaratory relief seeking repair of the leaks in his cell and mold removal.

In plaintiff's motion for a preliminary injunction, he indicates that he will be transferred to John Sealy Hospital for a scheduled medical appointment. (D.E. 76, at 1). When he returns to the McConnell Unit, he anticipates being "assigned to a 'transit cell' located in # 7 Building." Id. He alleges "that 'numerous' cells located in 'G' pod of # 7 Building 'leak' while raining and many contain 'black mold.'" Id. Consequently, he seeks to enjoin McConnell Unit officials from housing him in that building to prevent any possible harm and prevent the necessity of his filing another lawsuit. Id.

### III.  DISCUSSION

To obtain a preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, the applicant must demonstrate: "(1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest." Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 285 (5th Cir. 1999) (per curiam) (citation omitted). Injunctive relief is an extraordinary remedy that requires the applicant to

unequivocally show the need for its issuance.  See Valley v. Rapides Parish Sch. Bd., 118 F.3d 1047, 1050 (5th Cir. 1997) (citation omitted).  Failure to establish any of the four elements will result in the denial of a motion for preliminary injunction.  Guy Carpenter & Co. v. Provenzale, 334 F.3d 459, 464 (5th Cir. 2003) (citation omitted).  It is respectfully recommended that plaintiff's motion fails to warrant such an extraordinary remedy.

**A.    Plaintiff Cannot Establish A Substantial Likelihood Of Success On The Merits.**

Plaintiff's motion for a preliminary injunction seeks relief from McConnell Unit officials.  There is no allegation that either defendant Sergeant Garza or defendant ACA have any involvement in the decision as to where plaintiff is housed while in custody.  Similarly, plaintiff does not allege any personal involvement by defendant Warden Mendoza.  Thus, the requested injunction is directed in part at persons who are not parties to this action, and over whom the Court lacks jurisdiction in this action.  See Fed. R. Civ. P. 65(a)(1)("The court may issue a preliminary injunction only on notice to the adverse party."); see also Parker v. Ryan, 960 F.2d 543, 545 (5th Cir. 1992) ("'adverse party' means the party adversely affected by the injunction, not the opponent in the underlying action").  Consequently, plaintiff would not be able to obtain a permanent injunction in this action.

Besides these procedural difficulties, plaintiff has no right to the relief that he requests. The Fifth Circuit has explained that "[w]hile the Constitution does not require that custodial inmates be housed in comfortable prisons, the Eighth Amendment's prohibition against cruel and unusual punishment does require that prisoners be afforded 'humane conditions of confinement' and prison officials are to ensure that inmates receive adequate food, shelter, clothing, and medical care." Herman v. Holiday, 238 F.3d 660, 664 (5th Cir. 2001) (citing Farmer v. Brennan, 511 U.S. 825 (1994)); accord Gates v. Cook, 376 F.3d 323, 332 (5th Cir. 2004) (citing Farmer, 511 U.S. at 832).

However, it is well established that an inmate does not have a constitutional right to be housed in a specific prison. Olim v. Wakinekona, 461 U.S. 238, 244-46 (1983); Meachum v. Fano, 427 U.S. 215, 225 (1976); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996) (per curiam). Consequently, it stands to reason that an inmate does not have a constitutional right to be housed in a specific cell. Indeed, other courts have determined that inmates do not have such a right. See, e.g., Williams v. Faulkner, 837 F.2d 304, 309 (7th Cir. 1988); McCalvin v. Fairman, 603 F. Supp. 342, 346 n.4 (C.D. Ill. 1985).

Plaintiff complains about the possibility of having a cell that is leaking water or contains black mold if he is housed in Building 7. He specifically requests to be

housed in the dormitories in either Building 18 or Building 19.

Accordingly, it is respectfully recommended that plaintiff has failed to establish a substantial likelihood of success as it relates to his claim that he be housed in a specific cell.

**B.     Plaintiff Cannot Establish A Substantial Threat That He Will Suffer Irreparable Injury If The Injunction Is Denied.**

In order to justify an injunction, "[s]peculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant." Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992, 997 (5th Cir. 1985) (citation omitted). Plaintiff has not demonstrated that he will suffer any injury. Indeed, he does not allege that an "actual injury" is certain to occur. See Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999) (per curiam) (addressing "actual injury") (citing Lewis v. Casey, 518 U.S. 343, 351-54 (1996)); see also United States v. Emerson, 270 F.3d 203, 262 (5th Cir. 2003) ("[A] preliminary injunction will not be issued simply to prevent the possibility of some remote future injury. *A presently existing actual threat must be shown*. However, ... *a strong threat* of irreparable injury before trial is an adequate basis.") (emphases in original) (citation omitted). Instead, he speculates that he may be housed in a leaky cell with black mold. He provides no evidence to support this assertion. Indeed, he volunteers that not all of the cells in Building 7 leak when it rains, or contain black mold. (D.E. 76, at 1). Thus, he

could be housed in Building 7 in a cell that neither leaks nor has black mold. Moreover, there is a possibility that he might be transferred to a unit other than the McConnell Unit after receiving treatment at John Sealy Hospital.

Accordingly, it is respectfully recommended that plaintiff has failed to establish that he will suffer irreparable injury if the preliminary injunction is denied.

**C.    Plaintiff Cannot Establish That The Threatened Injury To Himself Outweighs The Harm The Injunction Would Cause Defendants.**

Plaintiff has not established any injury. Instead, he merely speculates that he may be housed in a leaky cell with black mold. It is uncertain where he will be housed if and when he returns to the McConnell Unit.

On the other hand, if the injunctive relief that plaintiff seeks were granted, then the TDCJ-CID would be required to take actions based on plaintiff's individual preferences instead of institutional concerns about safety and efficient management of the McConnell Unit. See Wilkerson v. Stalder, 329 F.3d 431, 436 (5th Cir. 2003) ("Prison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order.") (citation omitted); see also 18 U.S.C. § 3626(a)(2)(when considering a preliminary injunction, a "court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused

by the preliminary relief"). Accordingly, it is respectfully recommended that plaintiff cannot establish that the threatened harm outweighs the harm to defendants.

**D.    Granting Plaintiff's Motion Will Not Serve The Public Interest.**

The Fifth Circuit has explained that federal courts "are not to micromanage state prisons." Gates v. Cook, 376 F.3d 323, 338 (5th Cir. 2004) (citing Bell v. Wolfish, 441 U.S. 520, 562 (1979)). Here, plaintiff requests that this Court engage in such micromanagement. Specifically, he seeks a court order that he be housed in a specific building at the McConnell Unit. (D.E. 76, at 1).

The public has an interest in prisons that are run securely, safely, and efficiently while adhering to constitutional standards. The Fifth Circuit has explained that "'courts are ill-equipped to deal with the increasingly urgent problems of prison administration ...,' ...and that it is not 'wise ... to second-guess the expert (or any other) administrators on matters on which they are better informed.'" Jones v. Diamond, 636 F.2d 1364, 1368 (5th Cir. 1981) (citations omitted).

Plaintiff does not offer any evidence or argument that his requests would serve the public interest. Instead, he threatens to file another lawsuit if he is not satisfied with his new cell if and when he returns to the McConnell Unit. (D.E. 76,

8

at 1). Accordingly, it is respectfully recommended that plaintiff has failed to establish that granting his injunctive relief will not disserve the public interest.

## IV.  RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that plaintiff's motion for a preliminary injunction, (D.E. 76), be denied.

Respectfully submitted this 22nd day of April 2008.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure; 28 U.S.C. § 636(b)(1)(C); and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (1996) (en banc).