IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JERRY L. BISBY, | § | |
| | § | |
| v. | § | C.A. NO. C-07-404 |
| | § | |
| KIMBERLY GARZA, ET AL. | § | |

## MEMORANDUM AND RECOMMENDATION

This is a civil rights action brought by a state inmate pursuant to 42 U.S.C. § 1983.  Pending is a motion to amend the final judgment by defendant American Correctional Association ("ACA").  (D.E. 126).  Specifically, ACA seeks to amend the final judgment to include a statement that all claims are final against James Gondles, Jr., Gary Maynard, Jeff Washington, and Jennifer Bechtel.  Id. at 1-2.[1]

## BACKGROUND

This action stemmed from a slip and fall that plaintiff alleged occurred on July 4, 2007.  Plaintiff filed three separate lawsuits arising from the slip and fall event: 2:07cv404; 2:07cv423; and 2:07cv424.  On October 9, 2007, plaintiff filed the instant action, 2:07cv404, against Sergeant Kimberly Garza, alleging that she was deliberately indifferent to his serious medical needs because she denied him

---

[1] The pending motion refers to ACA as the "American Correction Institution," (D.E. 126, at 1).  The memorandum and recommendation addressing ACA's motion to dismiss, (D.E. 104), the Order adopting this recommendation, (D.E. 122), and the final judgment, (D.E. 124), all refer to ACA as the American Correctional Association as opposed to "American Correction Institution."

medical care and threatened him with pepper spray following his fall.  (D.E. 1 at 1-2).  On November 2, 2007, plaintiff filed a second lawsuit, 2:07cv423, against ACA.  (See 2:07cv423 at D.E. 1).  Plaintiff claims that ACA violated his constitutional rights when it failed to inspect properly the McConnell Unit for safety and environmental hazards, and "accredited" the McConnell Unit despite its having numerous safety and human rights violations.  (Id. at 3-4).  Also on November 2, 2007, plaintiff filed the third action, 2:07cv424, in which he named Warden Oscar Mendoza as a defendant.  (See 2:07cv424 at D.E. 1).

Plaintiff never named as defendants in these actions any ACA employees.  Moreover, he sought to amend his complaint several times, but again never named Mr. Gondles, Mr. Maynard, Mr. Washington, or Ms. Bechtel as defendants.  (D.E. 6, 23, 47, 81).  Indeed, in an amendment addressing his claims against ACA, plaintiff never named any of the four individuals even though he was fully aware of their names.  (D.E. 81).

On March 10, 2008, the Court declined to adopt a recommendation to dismiss plaintiff's claims against ACA and ordered that ACA be served.  (D.E. 67).  On March 24, 2008, an order for service of process was issued for ACA, listing Mr. Gondles, Mr. Maynard, Mr. Washington, and Ms. Bechtel as ACA officers listed on its website.  (D.E. 70, at 1); see also http://www.aca.org/contactus/.  As

the memorandum and recommendation regarding ACA's motion to dismiss explained, "service was ordered on ACA <u>by and through</u> its officers of record." (D.E. 104, at 3) (emphasis added).[2] On its website, ACA lists Mr. Gondles as its Executive Director, Mr. Maynard as its President, Mr. Washington as its Deputy Executive Director, and Ms. Bechtel as its Administrative Manager. http://www.aca.org/contactus/. The service on these individuals was done pursuant to Rule 4(h) of the Federal Rules of Civil Procedure as agents of ACA. (D.E. 104, at 3).

## DISCUSSION

Rule 4(h) addresses how an association, such as ACA, must be served, explaining that various individuals may be served on the association's behalf: "[An] association ... must be served ... by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). "Such service must be made on

---

[2] In its pending motion, ACA asserts that the memorandum and recommendation dismissing plaintiff's claims against ACA "defines' [sic] ACA to include its officers and employees which would include the individual defendants named by Plaintiff." (D.E. 126, at 1). That memorandum uses the language from defendant ACA's motion to dismiss. (D.E. 89, at 1). The use of that language does not indicate that the four individuals are defendants. Indeed, the memorandum explains they were served as agents of ACA. (D.E. 104, at 3).

an officer, a managing or general agent, and when service is made upon an agent he must be a person of sufficient character and rank to make it reasonably certain that the unincorporated association will be apprised of service made through that agent."  Bailey v. Boilermakers Local 667 of Int'l Bhd. of Boilermakers, 480 F. Supp. 274, 278 (N.D. W. Va. 1979) (citation omitted); see also Arthur v. Litton Loan Servicing LP, 249 F. Supp.2d 924, 930 (E.D. Tenn. 2002) ("some federal courts [have] held that with regard to service of process upon ... [an] association, [Rule 4(h)] did not require that service be made solely upon a restricted class of formally titled officials").

Rule 4(h) is intended to ensure that an association is on notice of a lawsuit against it: "The principal purpose of the Rule with respect to service on an agent of the corporation or association is to render it reasonably certain that the corporation will receive prompt and proper notice in an action against it."  35A C.J.S. Federal Civil Procedure § 247; see also Arthur, 249 F. Supp.2d at 930 ("the rules of civil procedure permitted service to be made upon a representative so integrated with the organization that he will know what to do with the summons and complaint").  It is clear that the order for service of process achieved the goal of placing ACA on notice about plaintiff's claims against it.

Service on an entity's president is sufficient to constitute valid service of process.  See New Lenox Indus., Inc. v. Fenton, 510 F. Supp.2d 893, 905 (M.D. Fla. 2007).  Similarly, an entity may be served through its executive director.  See Libertad v. Welch, 53 F.3d 428, 440 (1st Cir. 1995); see also Calagaz v. Calhoun, 309 F.2d 248, 259 (5th Cir. 1962) (holding serving secretary-treasurer of national association constituted adequate notice).

Defendant ACA does not assert that it was not properly served through its various officers and managers.  Instead, it asserts that Mr. Gondles, Mr. Maynard, Mr. Washington, and Ms. Bechtel were not dismissed as defendants.  This lack of dismissal against these four individuals is because they were never named defendants.

## RECOMMENDATION

Accordingly, it is respectfully recommended that defendant ACA's motion to amend the final judgment, (D.E. 126), is DENIED.

Respectfully submitted this 30th day of July 2008.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within TEN (10) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (1996) (en banc).